UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-cv-25763-ALTMAN

**FIDENCIO FLORIES**,

    *Petitioner*,

v.

**CHARLES PARRA**, *in his official capacity as Field Office Director, Krome Detention Center, et al.*,

    *Respondents*.

_____/

**ORDER DENYING EMERGENCY REQUEST
FOR TEMPORARY RESTRAINING ORDER**

    Our Petitioner, Fidencio Flories, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (the "Habeas Petition"), "asking this Court to order [the] Respondents to grant him a bond hearing where he can demonstrate that he is not a flight risk nor a danger to the community[.]" Petition [ECF No. 1] ¶ 1. The Petitioner "is currently detained by [the] Respondents at the Krome Detention Center in Miami, FL[.]" *Id.* ¶ 2. On January 12, 2026, he moved for an emergency temporary restraining order ("TRO"), *see* Motion for Emergency Restraining Order (the "Motion") [ECF No. 10], telling us that "[a] final hearing is currently scheduled for his immigration case for Wednesday, January 14, 2026," *id.* ¶ 1. The Petitioner wants us to issue an emergency TRO, "ordering [the] Respondents to not hold a final hearing in his immigration case until after this Habeas Corpus case is decided." *Ibid.* For the following reasons, we **DENY** his request.[1]

---

[1] While we deny the Petitioner's Motion on the merits, we *also* observe that he hasn't complied with *any* of our requirements for the filing of emergency motions. *See generally* S.D. FLA. L.R. 7.1(d)(1). And we "note[ ] that attorneys who practice in the Southern District of Florida are charged with knowing and complying with the local rules. Failure to comply with the local rules can alone be grounds for denying of a moving party's motion." *Colite Int'l Inc. v. Robert L. Lipton, Inc.*, 2006 WL 8431505, at *3 (S.D. Fla. Jan. 20, 2006) (Dimitrouleas, J.).

## THE LAW

A temporary restraining order "may be issued 'without written or oral notice to the adverse party or its attorney[.]'" *Finkelstein v. Mt. Sinai Med. Ctr. of Fla.*, 2023 WL 6118179, at *2 n.1 (S.D. Fla. Sept. 19, 2023) (Altman, J.) (quoting FED. R. CIV. P. 65(b)(1)). A TRO "is appropriate where the movant demonstrates that: (a) there is a substantial likelihood of success on the merits; (b) the TRO . . . is necessary to prevent irreparable injury; (c) the threatened injury outweighs the harm that the TRO . . . would cause to the non-movant; and (d) the TRO . . . would not be averse to the public interest." *Parker v. State Bd. of Pardons and Paroles*, 275 F.3d 1032, 1034–35 (11th Cir. 2001). Although a "showing of irreparable injury is the *sine qua non* of injunctive relief[,]" *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc) (cleaned up), the movant "bears the 'burden of persuasion' to clearly establish *all four* of these prerequisites[,]" *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016) (emphasis added) (citing *Siegel*, 234 F.3d at 1176); *see also Finkelstein*, 2023 WL 6118179, at *2 ("Still, a district court cannot grant a [TRO] unless the moving party satisfies all four of the requirements."). The movant must also "clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition[.]" FED. R. CIV. P. 65(b)(1)(A); *see also Gentles-Daughtry v. Daughtry*, 2016 WL 8678027, at *2 (S.D. Fla. Jan. 20, 2016) (Cohn, J.) ("Here, the Court will deny Plaintiff's Motion because she has not sufficiently shown that she will suffer an irreparable injury unless the Court enters a temporary restraining order without affording Defendant any opportunity to respond. . . . Plaintiff's motion does not 'convince [the] court that there is immediate and great danger of irreparable injury that necessitates the temporary dispensing of some of the trappings of due process.'" (quoting 11A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, ET AL., FEDERAL PRACTICE AND PROCEDURE § 2952 (3d ed. 1998))).

## ANALYSIS

Because a TRO, like a preliminary injunction, is "an extraordinary and drastic remedy," *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997), we must carefully scrutinize the Petitioner's request for injunctive relief. As the Supreme Court has long explained:

> There is no power, the exercise of which is more delicate, which requires greater caution, deliberation, and sound discretion, or more dangerous in a doubtful case, than the issuing [of] an injunction. It is the strong arm of equity, that never ought to be extended, unless to cases of great injury, where courts of law cannot afford an adequate and commensurate remedy in damages. The right must be clear, the injury impending, and threatened so as to be averted only by the protecting preventive process of injunction.

*Truly v. Wanzer*, 46 U.S. (5 How.) 141, 142-43 (1847) (citation omitted). In this case, we deny the Petitioner's request for a TRO because his TRO request bears little, if any, connection to his habeas Petition.

"To secure preliminary injunctive relief, a petitioner must demonstrate a substantial likelihood of prevailing on at least one of the causes of action he has asserted." *Ala. v. U.S. Army Corps of Eng'rs*, 424 F.3d 1117, 1134 (11th Cir. 2005). But that "injunctive relief must relate in some fashion to the relief requested in the complaint," *ibid.*, and a "district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit," *Kaimowitz v. Orlando*, 122 F.3d 41, 43 (11th Cir. 1997) (per curiam); *see also Gomez v. United States*, 899 F.2d 1124, 1127 (11th Cir. 1990) ("Litigants are not entitled to greater temporary remedies pending litigation than they would be entitled to as the ultimate prevailing party."); *Devose v. Harrington*, 42 F.3d 470, 471 (8th Cir. 1994) ("[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."). In other words, "a preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action." *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997).

The Habeas Petition requests "a bond hearing for the Petitioner, where he can demonstrate that he is neither a danger to the community or a flight risk[.]" Petition at 8. In his Motion, however, he asks for a TRO requiring the Respondents "not [to] hold a final merits immigration hearing for the Petitioner, where he could be ordered Removed from the United States, before the final resolution of this Habeas Corpus Petition." Motion at 3. That's a problem because these two reliefs aren't "of the same character[.]" *Kaimowitz*, 122 F.3d at 43. Whether the Petitioner has a "final merits immigration hearing" on Wednesday, Motion at 3, is "a matter lying wholly outside the issue" of whether the Petitioner is entitled to a bond hearing, *Kaimowitz*, 122 F.3d at 43. We therefore cannot issue the TRO because it "prevent[s] an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action." *Omega*, 111 F.3d at 16.

Trying to parry, the Petitioner argues that "[d]etained individuals face numerous disadvantages, including less time for legal preparation, and the psychological toll of detention, which collectively decrease their chances of success compared to non-detained individuals who have more time and resources." Motion ¶ 3. But that all misses the point. All the Petitioner has requested in his Habeas Petition is a bond *hearing*—without any suggestion that this bond hearing will result in his release, much less that it will prevent his removal. We therefore do not see the requisite nexus between his Habeas Petition and his TRO request. *See Kaimowitz*, 122 F.3d at 43.

Finally, the Petitioner tells us that "[a] removal order would effectively moot this Habeas Corpus Petition as the Petitioner would be very unlikely to prevail in any subsequent bond hearing, as he would be considered a high flight risk[.]" Motion ¶ 6. Again, this doesn't make the "injunctive relief . . . relate[d] in some fashion to the relief requested in the complaint[.]" *Alabama*, 424 F.3d at 1134. The issue in the Habeas Petition isn't whether the Petitioner will *prevail* in the bond hearing; it's whether he's entitled to a bond hearing *at all*. The Petitioner thus hasn't shown that the outcome of

4

his immigration hearing somehow affects his entitlement to a bond hearing—the subject of his Habeas Petition.

Because the Petitioner hasn't established "a substantial likelihood of success on the merits[,]" *Parker*, 275 F.3d at 1034, we needn't analyze the remaining TRO factors, *see Siegel*, 234 F.3d at 117 ("[T]he movant [must] clearly establish the burden of persuasion as to each of the four prerequisites.").

## **CONCLUSION**

After careful review, therefore, we **ORDER and ADJUDGE** that the Petitioner's emergency request for a temporary restraining order [ECF No. 10] is **DENIED**.

**DONE AND ORDERED** in the Southern District of Florida, on January 14, 2026.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:  counsel of record